**E-FILED**
Monday, 29 November, 2004  11:02:50 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

**FILED**

NOV 2 6 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IKON OFFICE SOLUTIONS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION No. 04-1050 |
| | : | |
| KENT E. CARVER and | : | |
| COPYTECH SERVICE | : | |
| SOLUTIONS, INC., | : | |
| | : | |
| Defendants. | : | |

### <u>AGREED MOTION FOR ENTRY OF ORDER</u>

IKON Office Solutions, Inc., moves this Court for Entry of the attached Agreed Order.

In support of its Motion IKON Office Solutions, Inc. states that the parties have settled all

matters between them and reached an agreement to request that the Court enter the attached

Order.

IKON Office Solutions, Inc.

By: _____
One of its Attorneys

John T. Schriver, Esq.
Frederick R. Ball, Esq.
Duane Morris LLP
227 West Monroe Street
Suite 3400
Chicago, IL 60606
312-499-6700

CHI\195116.1

## CERTIFICATE OF SERVICE

I, Frederick R. Ball, an attorney, certify that on November 24, 2004, I caused the foregoing Agreed Motion For Entry Of Order to be served via U.S. mail upon:

David A. Benckendorf
Benchkendorf & Benckendorf
101 N. E. Randolph Avenue
Peoria, IL  61606

Frederick R. Ball

CHI\195116.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| IKON OFFICE SOLUTIONS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION No. 04-1050 |
| | : | |
| KENT E. CARVER and | : | |
| COPYTECH SERVICE | : | |
| SOLUTIONS, INC., | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF MOTION

To:    David A. Benckendorf
       Benckendorf & Benckendorf
       101 N.E. Randolph Avenue
       Peoria, IL  61606

**PLEASE TAKE NOTICE** that I caused to be filed the **Agreed Motion for Entry of**

**Order** a copy of which is attached and served upon you.

IKON Office Solutions, Inc.

By: _____
    One of its Attorneys

John T. Schriver, Esq.
Frederick R. Ball, Esq.
Duane Morris LLP
227 West Monroe Street
Suite 3400
Chicago, IL 60606
312-499-6700

CHI\195122.1

RECEIVED
NOV 2 6 2004
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| IKON OFFICE SOLUTIONS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION No. 04-1050 |
| | : | |
| KENT E. CARVER and | : | |
| COPYTECH SERVICE | : | |
| SOLUTIONS, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2004, the Court, having reviewed

the pleadings of record, having been advised that the parties have reached a settlement of the

claims at issue, and being otherwise duly advised in the premises, it is hereby **ORDERED,**

**ADJUDGED, AND DECREED** that a Permanent Injunction shall issue immediately, and shall

remain in full force and effect according to the following terms:

1.    No security shall be required in support of the restrictions set forth herein.

2.    For a period of twenty-four (24) months, from June 1, 2004 through and including

June 1, 2006, defendants Kent E. Carver (hereinafter "Carver") and CopyTech Service Solutions,

Inc. (hereinafter "CopyTech") shall not contact, solicit, accept business from, or engage in

business with, any IKON customers or accounts, which shall include any and all subsidiaries,

parent companies and affiliates, sites and locations of any and all such customers and accounts.

The prohibition against contacting, soliciting, accepting business from or engaging in business

with any IKON customers or accounts shall apply to CopyTech and Carver, both directly and

indirectly, both individually and collectively, and whether Carver or CopyTech is acting alone or

PH2\821909.1

in concert with one another or with any one or more other persons or third parties, including any and all employees, agents, representatives, owners or officers of CopyTech.

3.    For a period of twelve (12) months, from June 1, 2004 through and including June 1, 2005, CopyTech and Carver shall not hire or solicit for hire any employee who is currently employed by IKON or who has been employed by IKON at any time during the period dating back to June 1, 2003 or becomes employed by IKON through June 1, 2005 (hereinafter referred to as an "IKON Employee"). This twelve (12) month prohibition against the solicitation or hiring of any such IKON Employee shall apply to CopyTech and Carver, both individually and collectively, both directly and indirectly, and whether he/it is acting alone or in concert with any others, including any agent, employee, officer or other representative of CopyTech or any other employer or company with which Carver may hereafter become employed by and/or affiliated with at any time prior to June 1, 2005.

4.    Within 72 hours following the entry of this Order, CopyTech and Carver shall return to IKON any and all records, documents, computer disks, computer tapes, computer memory and recordings, computer software and programs, and any and all other original, transcribed, or reproduced information, in whatever form, that he or it has at any time in the past maintained at, received through, or removed from IKON, and further including any and all such information created by them or others at or on behalf of IKON, utilized in the same or other form at IKON, retained at any time during or after Carver's employment at IKON, or otherwise received, at any time or for any reason, from any current or former IKON employee that contains any names, addresses, phone numbers, account information, account managers, product purchases, product specifications, purchase prices, leasing terms, pricing schedules, lease or maintenance terms, listing of expiration dates, and any and all other information that relate in

2

any way to the business done by IKON with any of IKON's customers; or any information contained in the books and records of IKON, including, but not limited to, the identity of or information concerning IKON's customers, key personnel, marketing strategies, past transactions, current sales proposals, pricing schedules and strategies, price margins, profitability considerations, product design or plans, leasing terms, servicing terms or arrangements, lease or service agreement expiration dates, the age, model or specifications of any equipment sold or leased by IKON to any customer at any time in the past, discount policies, future business practices, plans and/or customer relations. Carver and CopyTech shall not retain any such records or information in any form.

The obligation to return the records and information described in this Paragraph 4 of the Court's Order extends to the retrieval and return of any and all such records and information to which CopyTech and/or Carver has access, or over which any one of them have possession or control, and to the recovery and return of any and all such records and information provided by Carver or by any other IKON employees at any time to CopyTech (including any and all CopyTech representatives, employees, officers or agents) or to any other employer, person or third party. The obligation shall not extend, however, to the return by CopyTech or Carver of any phone book, public directory, other publicly distributed or available publication.

5. CopyTech and Carver shall not use or disclose, in any manner or at any time, any information not in the public domain concerning IKON's customers, purchase prices, products, sales proposals, pricing schedules and/or discounts, work flow analyses or proposals, color product applications, proposals or needs, systems or network configurations, proposals or needs, wide format applications, proposals, or needs, digital high volume applications, proposals or needs, interconnectivity applications, proposals, or needs, servicing or leasing terms, marketing

3

strategies, profitability analyses, costs, vendors, or other confidential business information learned, received or utilized by Carver during his employment with IKON or which he has received at any time from any current or former IKON employee, whether before or after the date of his termination of employment with IKON. This prohibition shall apply to CopyTech and Carver, both individually and collectively, both directly and indirectly, and whether he/it is or was acting alone or in concert with each other or with one or more others, including any agent employee, officer or other representative of CopyTech or any other employer or company with which Carver has been or may hereafter become employed or affiliated at any time.

   The prohibition against the use or disclosure of confidential information or trade secrets described in this Paragraph 5 of the Court's Order shall continue and remain in full force and effect at all times after June 1, 2004 so as to prohibit CopyTech and Carver from: disclosing or distributing any such information to any third party; or from using or disclosing any such information obtained through or derived from any past, present or future IKON employee.

  6. The parties shall each pay their own costs, fees and expenses incurred prior to entry of this Order.

4

7.     This matter shall be dismissed with prejudice as to the underlying claims which were or could have been asserted in this case provided, however, that the Court shall retain jurisdiction for the limited purpose of enforcing the terms of this Order.

DATE: _____

_____
JOE BILLY MCDADE, J.

AGREED AS TO FORM:

IKON Office Solutions, Inc.

Kent E. Carver and
CopyTech Services Solutions, Inc.

By: _____

By: _____

One of its Attorneys
John T. Schriver, Esq.
Frederick R. Ball, Esq.
Duane Morris LLP
227 West Monroe Street
Suite 3400
Chicago, IL 60606
312-499-6700

One of their Attorneys
David A. Benckendorf, Esq.
Benckendorf & Benckendorf, P.C.
101 N.E. Randolph Avenue
Peoria, IL 61606
309-673-0797

OF COUNSEL:

Thomas T. Loder, Esq.
Anthony L. Gallia, Esq.
Duane Morris LLP
One Liberty Place
Philadelphia, PA 19103-7396
215-979-1246/1127